UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALERIE BLACK,

     Plaintiff,                         CASE NO.

Vs.

AVIS BUDGET CAR RENTAL, LLC.,
Foreign Limited Liability Company,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VALERIE BLACK ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, AVIS BUDGET CAR RENTAL, LLC, a Foreign Limited Liability Company, ("AVIS") and states as follows:

## NATURE OF THE ACTION

1. Valerie Black, a 65 year old female, is pursuing claims for unlawful age and sex discrimination and retaliation for filing a Charge of Discrimination with the EEOC and FCHR. In 1979 the Plaintiff was hired by the Defendant as a customer service representative. On or about June 1, 1989, the Plaintiff became an Account Manager for the Florida region. Ms. Black was an exemplary employee who over the course of her career excelled at her job and never received a poor evaluation or annual review, until 2015. In June 2014, Brian Roades, age 30, assumed the position of Regional Account Manager and became Ms. Black's supervisor. Shortly thereafter, he began targeting Ms. Black and making age related comments. On more than one occasion, when Ms. Black would raise an issue regarding a technological malfunction, Mr. Roades would state that people of his "generation" could simply and more effectively deal with

the issues.  Further, Mr. Roades failed to support Ms. Black and devoted more of his time and attention to the younger employees.   Near the end of 2015, and during the slowest time of the year (November – January), the Defendant, at the request of Mr. Roades, placed Ms. Black on a Short Term Goals Plan, and after Ms. Black successfully completed the plan,  placed her on a formal written Performance Improvement Plan which was scheduled to end on May 13, 2016. On or about March 16, 2016, Plaintiff dual filed a Charge for age and sex Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").   On May 12, 2016, in response to the Plaintiff's Charge of Discrimination, AVIS filed their position statement with the FCHR.   Despite achieving 90% completion of the performance improvement plan, and one day later, on May 13, 2016, AVIS terminated Ms. Black's employment.   At the time that Defendant terminated Plaintiff, Ms. Black's performance would have placed in her the top 5 Account Managers in the region.  AVIS' decision to terminate the Plaintiff's employment was based on her age and gender and was in retaliation for having filed a Charge of Discrimination alleging age and sex discrimination.

2.     Ms. Black seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount she is found to be entitled; (iii) liquidated damages in whatever amount she is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. Because the

state claims arise out of the same nucleus of operative facts as do the federal claims, this court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant regularly conducts business in this judicial district and the majority of the acts complained of took place in this judicial district.

## PARTIES

5.      At all times material to this action, Plaintiff was a resident of Daytona Beach, Volusia County, Florida.

6.      At all material times Defendant AVIS was and is a Foreign Limited Liability Company incorporated in the State of Delaware and doing business in Daytona Beach, Volusia County, Florida.

7.      At all times material hereto Plaintiff, VALERIE BLACK, was a 65 year old female who was employed by the Defendant for approximately 37 years, 27 of those years as an Account Manager II.

8.      At all material times, Plaintiff was protected by the ADEA because she is over forty years of age.

9.      At all material times, Plaintiff was and is an "employee" as contemplated by the ADEA.

10.      At all times material Defendant AVIS was and is an "employer" as defined by 29 § U.S.C. 630(b), and 42 U.S.C. § 12111(5)(a).

11.      At all times material hereto Plaintiff was an "employee" as defined by 29 U.S.C. § 630(f).

12.      At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of the ADEA.

13.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as well as Fla. Stat. 760 et. seq. (the "FCRA"), by virtue of her sex and gender.

14.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

15.     At all times material hereto, Defendant was an "employer" covered under Title VII and the FCRA.

## SATISFACTION OF CONDITIONS PRECEDENT

16.     Plaintiff dual filed a Charge for age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

17.     Plaintiff filed an additional Charge of discrimination and retaliation with the EEOC and FCHR, after her termination.

18.     Ms. Black has exhausted her administrative remedies available to her.

19.     On or about August 28, 2019 the EEOC issued plaintiff a Dismissal and Notice of Right to Sue letter against the Defendant with regard to this matter.  A copy of the Right to Sue letter is attached as **Exhibit A**.

20.     Jurisdiction over these claims is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charges, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts and circumstances as the federal claims.

21.     Plaintiff files her complaint within the applicable statute of limitations.

22.     All conditions precedent to the filing of this lawsuit have been waived and/or satisfied.

## GENERAL ALLEGATIONS

23.     In 1979 the Plaintiff was hired by the Defendant as a customer service representative.

24.     On or about June 1, 1989, the Plaintiff became an Account Manager for the Florida region.

25.     In June 2014, Brian Roades, a male, aged 30, assumed the position of Regional Account Manager and Ms. Black's supervisor.

26.     At no time during her employment, and prior to the placement of Mr. Roades as Ms. Black's supervisor, did Defendant counsel, discipline or place Plaintiff on a Performance Improvement Plan.

27.     Ms. Black was an exemplary employee who over the course of her career excelled at her job and never received a poor evaluation or annual review, until after Mr. Roades was placed as her supervisor.

28.     Throughout her employment Ms. Black, consistently received performance bonuses every six (6) months, until Mr. Roades was placed as her supervisor.

29.     After being placed as Ms. Black's supervisor, Mr. Roades treated Ms. Black differently and worse than her younger counterparts.

30.     Mr. Roades failed to provide routine support to Ms. Black while providing support to the other account managers in his region.

31.     Mr. Roades engaged in hands off approach to managing Ms. Black, and never accompanied her on routine sales calls, while accompanying the other account managers in his region.

32.     Further, on more than one occasion, Ms. Black's internet hotspot malfunctioned and Ms. Black was unable to access the company's system while out of the office.  Mr. Roades

continually berated Ms. Black for her perceived failure to appropriately manage the technology by telling her that people of his generation would just go to Starbucks and use the Wi-Fi.  Due to security concerns, Mr. Roades was aware that accessing unsecured public networks would pose a security threat yet still berated Ms. Black.

33.     Despite missing the performance bonus for the first part of 2015, Ms. Black outperformed for the second half of the year and received a performance bonus at the end of the year.

34.     Despite her performance for the second half of 2015 and earning a performance bonus for that period, the company, at the request of Mr. Roades, and during the slowest time of the year (November – January), placed Ms. Black on a Short Term Goals Plan that was to end in January 2016.

35.     While Mr. Roades was required to hold weekly meetings with Ms. Black during the Short Term Goals Plan, Mr. Roades failed to comply with his obligations as a manager, and did not interact with Ms. Black at all.

36.     Despite the lack of supervision and oversight, Ms. Black satisfactorily completed the Short Term Goals Plan.

37.     Notwithstanding her successful completion of the Short Term Goals Plan, Ms. Black was placed on a formal written Performance Improvement Plan ("PIP") which was scheduled to end on May 13, 2016.

38.     On or about March 16, 2016, Plaintiff dual filed a Charge for age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), due to the unsupported PIP and discriminatory treatment she suffered under Mr. Roades.

39.     While on the PIP, Ms. Black completed 95% of the outlined goals.

40.     Ms. Black's overall numbers in 2016 placed her in the top five (5) Corporate Account Sales Managers in the country.

41.     On May 12, 2016, in response to the Plaintiff's Charge of Discrimination, AVIS filed their position statement with EEOC.

42.     One day later, on May 13, 2016, Defendant terminated Ms. Black's employment.

43.     Throughout Ms. Black's employment with AVIS her percentage of new business year after year equated to a 15.2% increase, which is the 4th highest increase in new business/achievement generated nationwide, out of sixty two (62) Corporate Account Sales Managers.

44.     In June 2016 Ms. Black would have qualified for a top line bonus of at least ten thousand dollars ($10,000.00) based on her generation numbers, but was terminated prior to the time that the bonus would have been paid.

45.     Mr. Black was treated differently and worse than her younger co-workers because she was placed on a PIP despite outperforming many of her younger counterparts.

46.     Defendant failed to uniformly apply its policies and procedures to Ms. Black in a non-discriminatory fashion.

47.     Additionally, Defendant has engaged in a pattern and practice of discriminating against older female account managers by fabricating performance issues in order to justify their subsequent termination.  On at least two other occasions within the Florida region, Defendant terminated older female account managers such as Nancy Woolridge Evans and Deborah Harrilchak.

48.     Defendant's decision to terminate the Plaintiff's employment was based on her age and sex and in retaliation for having filed a Charge of Discrimination with the EEOC/FCHR alleging discrimination.

49.    Defendant's reasons for termination of Plaintiff are pretextual.

50.    Defendant's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by Title VII, the ADEA, and the FCRA.

51.    On information and belief, Ms. Black was replaced by a younger male.

52.    Had Defendant not discriminated against Plaintiff on the basis of her age and sex, Plaintiff would have continued to work for Defendant as an Account Manager II.

## COUNT I
## AGE DISCRIMINATION UNDER THE ADEA

53.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54.    The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

55.    Plaintiff was qualified for her job as an Account Manager II.

56.    Ms. Black satisfactorily performed her job for over 20 years.

57.    It was only after Ms. Black was subjected to a new 30 year old male supervisor that her "performance" was questioned.

58.    Mr. Roades further ostracized and failed to support Ms. Black, all the while he supported and engaged with Ms. Black's younger counterparts within the region.

59.    Mr. Roades made Ms. Black feel inferior due to her age by making ageist comments that people within his generation could figure out technological issues.

60.    Despite performing well enough to obtain a performance bonus during the second half of 2015, Ms. Black was placed on a Short Term Goals Plan due to alleged performance deficiencies.

61.     While on the Short Term Goals Plan, Mr. Roades failed to meet with Ms. Black as required.

62.     Ms. Black satisfactorily completed the Short Term Goals Plan.

63.     Despite the satisfactory completion of the Short Term Goals Plan, Ms. Black was placed on a formal written Performance Improvement Plan.

64.     Ms. Black satisfactorily completed the PIP.

65.     Despite the satisfactory completion, Ms. Black was terminated for allegedly failing to improve.

66.     The stated reason for Plaintiff's termination was pretextual.

67.     Ms. Black was treated differently and worse than her younger co-workers because she was placed on a performance improvement plan despite performing better.

68.     Defendant failed to uniformly apply its policies and procedures to Ms. Black in a non-discriminatory fashion.

69.     On information and belief, shortly after her termination Plaintiff was replaced by a younger Account Manager II with lesser qualifications.

70.     The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

71.     Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

72.     The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

73.     Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

74.     Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

75.     Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

76.     Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADEA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for his reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages;

e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the ADEA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADEA

77.     Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

78.     The ADEA provides in pertinent part, at 29 U.S.C. § 623(d) as follows:

Opposition to unlawful practices; participation in investigations, proceedings, or litigation.  It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate

against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

79.     Plaintiff was qualified for her job as an Account Manager II.

80.     Plaintiff dual filed a charge of discrimination with the EEOC and FCHR complaining of discriminatory employment practices based on age.

81.     Plaintiff was subjected to discrimination, harassment, and retaliation for having filed the charge.

82.     Plaintiff was terminated as a result of her having filed a charge.

83.     Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

84.     The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

85.     Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination and retaliation, for which there is no adequate remedy at law.

86.     Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling her to liquidated damages.

87.     Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

88.     Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADEA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages;

e. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the ADEA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT III**
**AGE DISCRIMINATION IN VIOLATION OF**
**FLORIDA CIVIL RIGHTS ACT**

89.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

90.    The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

91.    At all material times, Plaintiff was protected by the FCRA.

92.    Plaintiff was qualified for her job as an Account Manager II.

93.    Ms. Black satisfactorily performed her job for over 20 years.

94.    It was only after Ms. Black was subjected to a new 30 year old male supervisor that her "performance" was questioned.

95.    Mr. Roades further ostracized and failed to support Ms. Black; at the same time he supported and engaged with Ms. Black's younger counterparts within the region.

96.    Mr. Roades made Ms. Black feel inferior due to her age by making ageist comments that people within his generation could figure out technological issues.

97.    Despite performing well enough to obtain a performance bonus during the second half of 2015, Ms. Black was placed on a Short Term Goals Plan due to alleged performance deficiencies.

98.    While on the Short Term Goals Plan, Mr. Roades failed to meet with Ms. Black as required.

99.    Ms. Black satisfactorily completed the Short Term Goals Plan.

100.    Despite the satisfactory completion of the Short Term Goals Plan, Ms. Black was placed on a formal written Performance Improvement Plan.

101.    Ms. Black satisfactorily completed the PIP.

102.    Despite the satisfactory completion, Ms. Black was terminated for allegedly failing to improve.

103.    The stated reason for Plaintiff's termination was pretextual.

104.    Ms. Black was treated differently and worse than her younger co-workers because she was placed on a performance improvement plan despite performing better.

105.    Defendant failed to uniformly apply its policies and procedures to Ms. Black in a non-discriminatory fashion.

106.    On information and belief, shortly after her termination Plaintiff was replaced by a younger Account Manager II with lesser qualifications.

107.    The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of her age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

108.    Defendant has no legitimate, non-discriminatory reason for the decision to

terminate Plaintiff.

109. The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

110. Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against age discrimination, for which there is no adequate remedy at law.

111. Defendant's age-discriminatory behavior towards Plaintiff was willful and with reckless disregard for the law entitling her to punitive damages.

112. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of her civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

113. Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
## DISPARATE TREATMENT

114.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

115.    Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a).

116.    Defendant discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees.

117.    At all times material hereto, Plaintiff was qualified for her position with Defendant.

118.    Specifically, Plaintiff was placed on a Short Term Goal Plan and a formal written Performance Improvement Plan, while Defendant's younger male employees performed worse and were not terminated for same.

119.    Defendant failed to properly investigate Ms. Black, provide her notice that her job was in jeopardy, apply a less severe form of punishment given her stellar track record and prior employment history, or in any other way treat her the same as other similarly situated male employees.

120.    Plaintiff's sex was the determining factor and/or motivating factor in Defendant's termination of her employment.

121.    Defendant has no legitimate, non-discriminatory reason for the decision to

terminate Plaintiff because it did not apply its policy evenhandedly to female and male employees.

122.    As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

123.    As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

124.    Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

125.    Defendant's unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

126.    Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendant for punitive damages;

f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

16

## COUNT V
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII
## DISPARATE IMPACT

127.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

128.    Title VII prohibits employment practices that discriminate against individuals on the basis of their sex.  42 U.S.C. § 2000e-2.

129.    Defendant implemented an alleged facially neutral performance initiative and progressive discipline policy.

130.    Defendant's performance goals and progressive discipline policy had an adverse and disproportionate impact on Plaintiff because she is a female.

131.    Specifically, Plaintiff was terminated due to a violation of Defendant's policy.

132.    On information and belief, other younger male employees of Defendant performed worse and were not terminated from their employment.

133.    Although Defendant's performance and progressive discipline policies appeared to be neutral on their face, based on information and belief, no male employees have been terminated as a result of the policy within Plaintiff's region.

134.    Defendant's progressive discipline policy was neither manifestly job-related nor consistent with business necessity.

135.    Less discriminatory alternatives existed to achieve Defendant's business purpose.

136.    As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

137.    Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

138.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her sex.

139.    Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendant for punitive damages;

f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## RETALIATION IN VIOLATION OF TITLE VII

140.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

141.    Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

142.    Plaintiff dual filed a charge of discrimination with the EEOC and FCHR

complaining of discriminatory employment practices based on sex.

143.    Plaintiff was subjected to discrimination, harassment, and retaliation for having filed the charge.

144.    Plaintiff was terminated as a result of her having filed a charge.

145.    Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

146.    The Defendant's stated reasons for termination are pretextual and were created post-hoc after Ms. Black engaged in protected activity.

147.    The discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

148.    Defendant's treatment of Plaintiff also caused her irreparable harm through the violation of her rights against discrimination and retaliation, for which there is no adequate remedy at law.

149.    As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

150.    Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

151.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her sex.

152.    Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

    b.    judgment in her favor and against Defendant for economic damages,

including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.     judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.     judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.     judgment in her favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VII
## SEX DISCRIMINATION IN VIOLATION OF THE
## FLORIDA CIVIL RIGHTS ACT
## DISPARATE TREATMENT

153.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

154.    The Florida Civil Rights Act makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." Fla. Stat. 760.10.

155.    Defendant discriminated against Plaintiff, a female employee, by treating her differently and worse than male employees.

156.    At all times material hereto, Plaintiff was qualified for her position with Defendant.

157.    Specifically, Plaintiff was placed on a Short Term Goal Plan and a formal written Performance Improvement Plan, while Defendant's younger male employees performed worse and were not terminated for same.

158.   Defendant failed to properly investigate Ms. Black, provide her notice that her job was in jeopardy, apply a less severe form of punishment given her stellar track record and prior employment history, or in any other way treat her the same as other similarly situated male employees.

159.   Plaintiff's sex was the determining factor and/or motivating factor in Defendant's termination of her employment.

160.   Defendant has no legitimate, non-discriminatory reason for its decision to terminate Plaintiff because it did not apply its policy evenhandedly to female and male employees.

161.   As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial including, but not limited to, back pay and front pay.

162.   As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, emotional distress, resulting in damages in an amount to be proven at trial.

163.   Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

164.   Defendants' unlawful actions were intentional, willful, malicious, and/or were done with reckless disregard to Plaintiff's right to be free from discrimination because of her sex.

165.   Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

     a.     judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

     b.     judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

     c.     judgment in her favor and against Defendant for noneconomic damages,

including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VIII
## SEX DISCRIMINATION IN VIOLATION OF THE
## FLORIDA CIVIL RIGHTS ACT
## DISPARATE IMPACT

166.   Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

167.   The Florida Civil Rights Act prohibits employment practices that discriminate against individuals on the basis of their sex.  Fla. Stat. 760.10.

168.   Defendant implemented an alleged facially neutral performance initiative and progressive discipline policy.

169.   Defendant's performance goals and progressive discipline policy had an adverse and disproportionate impact on Plaintiff because she is a female.

170.   Specifically, Plaintiff was terminated due to a violation of Defendant's policy.

171.   On information and belief, other younger male employees of Defendant performed worse and were not terminated from their employment.

172.   Although Defendant's performance and progressive discipline policies appeared to be neutral on their face, based on information and belief, no male employees have been terminated as a result of the policy within Plaintiff's region.

173.    Defendant's progressive discipline policy was neither manifestly job-related nor consistent with business necessity.

174.    Less discriminatory alternatives existed to achieve Defendants' business purpose.

175.    As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

176.    Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

177.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her sex.

178.    Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

WHEREFORE, Plaintiff prays that this Court will grant:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the Title VII;

b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendant for punitive damages;

f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT IX**
**RETALIATION IN VIOLATION OF THE FCRA**

179.    Plaintiff re-alleges and reavers paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

180.    The Florida Civil Rights Act makes it unlawful for an employer "to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." Fla. Stat. 760.10(7).

181.    Plaintiff made a charge and participated in an investigation, proceeding, or hearing under Fla. Stat. 760.10(7).

182.    The Defendant was aware of Plaintiff age, sex, and her protected activity.

183.    Defendant discriminated and retaliated against Plaintiff on account of her protected activity.

184.    Defendant terminated Plaintiff's employment.

185.    Defendant has no legitimate, non-discriminatory reason for the decision to terminate Plaintiff.

186.    The discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

187.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

188.    The Defendant engaged retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

189.    Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

190.    Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

191.    As a result of the Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays that this Court will grant judgment:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.    judgment in her favor and against Defendant for punitive damages;

f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 26th day of November, 2019.

Respectfully Submitted,

*/s/ Paul M. Botros*
Paul M. Botros
FL Bar No.: 85035
MORGAN & MORGAN, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*